Ana RODRIGUEZ, Petitioner

v.

ATTORNEY GENERAL OF
the UNITED STATES,
Respondent.

No. 06–2996.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Sept. 12, 2007.

Filed: Sept. 25, 2007.

Carlos A. Ferrer, Alum & Ferrer, Gut-
tenberg, NJ, for Petitioner.

Allen W. Hausman, David E. Dauen-
heimer, United States Department of Jus-
tice, Office of Immigration Litigation,
Washington, DC, for Respondent.

Before: RENDELL, FUENTES and
CHAGARES, Circuit Judges.

OPINION OF THE COURT

RENDELL, Circuit Judge.

Ana Rodriguez petitions for review of a
final order of the Board of Immigration
Appeals (BIA) affirming the denial by the
Immigration Judge (IJ) of Rodriguez's ap-
plication for cancellation of removal. For
the reasons that follow, we will dismiss
Rodriguez's petition for review for lack of
jurisdiction.

I.

Rodriguez, a native and citizen of Co-
lumbia, entered the United States lawfully
on October 17, 1987. She has since resid-
ed in the United States. Rodriguez has
two children, both of whom are United
States citizens. Rodriguez's mother also
legally resides in the United States. On
December 29, 1994, Rodriguez married Mi-
guel Hebron, a United States citizen.
There were no children from this mar-
riage.

On September 23, 2004, the Government
initiated removal proceedings against Rod-
riguez by serving her with a Notice to
Appear (NTA). The NTA charged that
Rodriguez was removable to Columbia un-
der § 237(a)(1)(D)(i) of the Immigration
and Nationality Act (INA) as an alien who
failed to depart after the termination of
her conditional permanent residence sta-
tus. Rodriguez conceded that she was
removable as charged. Nevertheless,
Rodriguez applied for cancellation of re-
moval under INA § 240A(b), 8 U.S.C.
§ 1229b(b)(1)(D). After a hearing, the IJ
denied her petition for relief on the

grounds that Rodriguez lacked good moral character and had failed to establish that her removal would create "an exceptional and extremely unusual hardship" on her qualifying family members, as per § 240A(b)(1)(D) of the INA, 8 U.S.C. § 1229b(b)(1)(D). Rodriguez appealed the denial of cancellation of removal to the BIA, arguing that the IJ had erred in his determinations that Rodriguez's relatives would not suffer exceptional and unusual hardship if Rodriguez were removed and that Rodriguez lacked good moral fiber. The BIA affirmed the IJ's decision on the grounds that Rodriguez failed to establish the requisite hardship to a qualified relative. Rodriguez timely filed the instant petition for review.

## II.

Because the BIA adopted some of the findings of the IJ and discussed the bases for the IJ's decision, we review the decision of the BIA and that of the IJ to the extent adopted by the BIA. *Xie v. Ashcroft,* 359 F.3d 239, 242 (3d Cir.2004); *see also Abdulai v. Ashcroft,* 239 F.3d 542, 549 n. 2 (3d Cir.2001). Thus, we will only address Rodriguez's argument that the removal proceedings were deficient because the IJ and the BIA incorrectly applied the BIA precedent regarding exceptional and extremely unusual hardships to the facts of her case, thus violating her rights to due process. Rodriguez's other arguments concern the IJ's finding that Rodriguez lacked good moral character, which was not adopted by the BIA in its decision affirming the denial of cancellation of removal.

In *Mendez–Moranchel v. Ashcroft,* 338 F.3d 176, 179 (3d Cir.2003), we held that "§ 1252(a)(2)(B)(i) strips us of jurisdiction to review certain discretionary decisions under the Immigration and Naturalization Act as enumerated by the statute," and specifically, "whether an alien meets the hardship requirement in 8 U.S.C. § 1229b is such a discretionary judgment." *Id.* We also noted that this decision was consistent with those of other courts of appeals that had considered whether a determination that an alien does not satisfy the hardship requirement was discretionary and thus unreviewable. *Id.* Rodriguez attempts to circumvent this jurisdictional impediment by arguing that the BIA deprived her of her due process rights when it denied her application for removal, thus bringing her claim within the scope of our jurisdiction under INA § 242(a)(2)(D) to review constitutional claims. Nevertheless, Rodriguez's argument that her due process rights were violated is based solely on her claim that the IJ and BIA incorrectly applied BIA precedent to the facts of her case, an application which is firmly within the discretion of both the IJ and the BIA. Therefore, because we cannot successfully determine whether the BIA's precedential decisions were correctly applied by the BIA or the IJ without analyzing the merits of the decision to deny Rodriguez's request for cancellation, which is a discretionary judgment, we lack jurisdiction over Rodriguez's petition for review.

## III.

For the foregoing reasons, we will dismiss the petition for review.